UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCOS AND MARY SILVA            CIVIL ACTION

VERSUS            NO: 10-6

ENERCEPT, INC.            SECTION: J(4)

**ORDER**

Before the Court are Defendant's **Motion for Summary Judgment (Rec. Doc. 26)**, Plaintiffs' **Memorandum in Opposition (Rec. Doc. 32)**, and Defendant's **Reply Memorandum in Support (Rec. Doc. 38)**.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Regarding the issues of agency and apparent agency, the Court has reviewed the motion, the memoranda of counsel, and the applicable law. The Court finds that genuine issues of material fact remain regarding whether Donald Fisher was an agent or an

apparent agent of Defendant. These genuine issues of material fact preclude summary judgment.

Regarding Plaintiffs' claims under the Louisiana Unfair Trade Practices Act ("LUPTA"), the Court first finds that Plaintiffs have standing to bring a claim for damages pursuant to LUPTA. LUPTA provides that "[a]ny person who suffers any ascertainable loss of money or movable property . . . as a result . . . of any unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405[] may bring an action individually . . . to recover actual damages." LA. REV. STAT. ANN. § 51:1409 (2011). Moreover, the Louisiana Supreme Court has interpreted LUPTA to apply to natural persons, not just business competitors and consumers. <u>Cheramie Services, Inc. v. Shell Deepwater Prod., Inc., and Filco Int'l, Inc.</u>, 35 So. 2d 1053, 1056-58 (La. 2010). Thus, Plaintiffs have standing under LUPTA; however, the Court finds that genuine issues of material fact remain regarding Defendant's alleged violations of LUPTA that preclude summary judgment.

Finally, regarding the issue of treble damages under LUPTA, the Court finds that Plaintiffs are not entitled to treble damages under the statute. LUPTA states that a court shall award treble damages "[i]f the court find [that] the unfair or deceptive method, act, or practice was knowingly used[] after being put on notice by the attorney general . . . ." § 51:1409. Here the parties do not dispute that Defendant was not put on

notice by the attorney general, so Plaintiffs are not entitled to recover treble damages under LUPTA. Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 26)** is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with regard to the treble damages issue, but the motion is **DENIED** with regard to the actual agent, apparent agent, and LUPTA claims issues.

New Orleans, Louisiana this 22nd day of March, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE